RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RICK WATSON
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:    (202) 353-0300
Fax:              (202) 307-0054
E-mail:  Rickey.Watson@usdoj.gov
            Western.Taxcivil@usdoj.gov

DAVID L. ANDERSON
United States Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102

*Attorneys for United States of America*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| WADE MALHAS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Plaintiff, the United States of America, brings this action to collect from the defendant

unpaid outstanding federal penalty assessments and interest as provided by law, and to reduce

those assessments to judgment.  Additionally, the United States intends to proceed under the

Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it

obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment

remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support of this

action, the United States complains and alleges as follows:

## INTRODUCTION

1.      This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, made against defendant Wade Malhas for his failure to report his interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2.      This action is brought with the authorization of the Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANT

3.      Defendant Wade Malhas was at all relevant times a United States citizen.  He currently resides in Santa Clara County, California.

## JURISDICTION AND VENUE

4.      Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345 and 1355.

5.      Venue properly lies in the Northern District of California under 28 U.S.C. § 1391(b)(1) because Mr. Malhas resides within the judicial district.

## INTRADISTRICT ASSIGNMENT

6.      Mr. Malhas currently resides in Santa Clara County.  Accordingly, this action can be assigned to the San Jose Division.

## FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS

7.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies.  Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists.  31 C.F.R. § 1010.350(a).

8.      To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

9.      31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

10.     Mr. Malhas had a financial interest in a foreign bank account with an account number ending in 492 at UBS in Switzerland ("UBS account") prior to and during calendar years 2006, 2007, and 2008, as described below.

11.     For each of the calendar years 2006, 2007 and 2008, the aggregate amount in the UBS account exceeded $10,000 in U.S. currency.

12.     Mr. Malhas was required by law to file FBARs reporting his financial interest in the UBS account for the years 2006, 2007 and 2008, as well as any other year that satisfied the FBAR reporting requirements.

13.     Mr. Malhas did not file FBARs that disclosed the UBS account for the years 2006, 2007 and 2008.

**WILLFUL FAILURE TO FILE FBARS**.

14.     In July 1995, Mr. Malhas traveled to Geneva, Switzerland and opened the UBS account in the name of Mirostreet *stiftung* (s*tiftung* translates into English as a "foundation," but is treated as a trust for U.S. tax purposes).

15.     On or about October 21, 1998, the UBS account had the assumed name "Cocktail" assigned to it. The assignment of an assumed name to a foreign bank account is typically done to hide the identity of the account holder from tax authorities.

16.     Assumed name accounts can be accessed without the signature of a particular person.

17.     Also on or about October 21, 1998, a general power of attorney, naming Mr. Malhas power of attorney, was filed with the UBS account.

18.     On or about June 13, 2000, Mr. Malhas signed a document related to the UBS account stating: "I would like to avoid disclosure of my identity to the US Internal Revenue Service under the new tax regulations.  To this end, I declare that I expressly agree that my account shall be frozen for all new investments in US securities as from 1 November 2000."

19.     On or about April 12, 2002, a form was filed with the UBS account identifying Mr. Malhas as the beneficial owner of the UBS account.

20.     On or about April 15, 2002 and October 14, 2003, Mr. Malhas meet with UBS officials in Geneva, Switzerland and discussed investment strategies concerning the UBS account.

21.     On or about March 31, 2003, Angelika Moosleithner-Batliner was added as an authorized signatory on the UBS account.

22.     On or about August 3, 2004, a letter was sent to UBS removing Mr. Malhas as an authorized signatory on the UBS account.

23.     By fax dated July 14, 2005, Mr. Malhas requested to meet with UBS personnel concerning the UBS account.

24.     By letter to UBS dated July 18, 2005, Mr. Malhas requested that two checks payable to himself from the UBS account, one in the amount of $20,000 and one in the amount of $25,000, be mailed to his address in the United States.  UBS complied with this request.

25.     On or about July 24, 2006, Mr. Malhas requested that a check payable to himself from the UBS account in the amount of $20,000 be sent to his address in the United States.  UBS complied with this request.

26.     On or about July 24, 2006, Mr. Malhas met with UBS officials in Geneva, Switzerland, and discussed investment strategies concerning the UBS account.  UBS complied with the instructions Mr. Malhas provided at that meeting.

27.     On or about July 13, 2007, Mr. Malhas requested two checks payable to himself from the UBS account, one in the amount of $20,000 and one in the amount of $28,000.  UBS complied with this request.

28.     On August 28, 2008, Mr. Malhas requested two checks from the UBS account payable to him, both in the amount of $25,000.  UBS complied with this request.

29.     Between 1995 and 2008, Mr. Malhas traveled to Switzerland on several occasions to meet with UBS officials concerning the UBS account.

30.     Mr. Malhas did not disclose the existence of the UBS account to his long-time income tax return preparer.

31.     For each of the tax years 2006, 2007 and 2008, Mr. Malhas signed under penalty of perjury a Form 1040 federal income tax return that failed to disclose income from the UBS account.  Further, on Schedule B of each return, Mr. Malhas falsely reported that he had no interest in, nor any authority over, any foreign financial accounts.

32.     As a result of the failure to report the income from the UBS account, Mr. Malhas underreported his aggregate income tax liability for tax years 2006, 2007 and 2008 by approximately $40,000.

33.     On August 17, 2011, Mr. Malhas' long time income tax return preparer, Garry Chankin, met with an IRS Revenue Agent concerning a civil tax examination of Mr. Malhas' federal income tax returns.  When asked if Mr. Malhas had any interest in foreign accounts, Mr. Chankin responded "not that I'm aware of."  Mr. Chankin agree to verify with Mr. Malhas whether or not this was the case.

34.     In a subsequent telephone conversation with the IRS Revenue Agent, Mr. Chankin stated that Mr. Malhas had confirmed that he had no foreign accounts.

35.     On May 22, 2012, the IRS interviewed Mr. Malhas.

36.     During the May 22, 2012 interview, Mr. Malhas told the IRS Revenue Agent conducting the interview that his father had opened an account for him in Switzerland in the

1950s when he was studying there, but that he had not accessed or used the accounts since approximately 1963, when he returned to the United States.

37.     Later in the May 22, 2012 interview, Mr. Malhas was presented by the IRS Revenue Agent with UBS documents demonstrating his connection to the UBS account, to include the document identifying Mr. Malhas as the beneficial owner of the UBS account.  Mr. Malhas' authorized representative then ended the interview.

38.     An IRS summons was served on Mr. Malhas on April 8, 2014, requesting documents related to the UBS account.  Mr. Malhas did not produce the requested documents and a summons enforcement action was filed in the Northern District of Illinois, Mr. Malhas' residence at the time.  *See United States v. Malhas*, Docket No. 15-cv-3832 (N.D. Ill.).

39.     As part of the summons enforcement litigation, Mr. Malhas was deposed by the United States.  Mr. Malhas confirmed his signature on UBS documents, but denied any knowledge of the circumstances of their signing.

**CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

*Liability for Civil Penalties*

40.     During the years 2006, 2007 and 2008, Mr. Malhas was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

41.     During the years 2006, 2007 and 2008, Mr. Malhas had financial interests, within the meaning of 31 C.F.R. § 1010.350(e), over the UBS account.

42.     The UBS account was a bank account in a foreign country.

43.     During the years 2006, 2007 and 2008, the aggregate balance in the UBS account exceeded $10,000.

44.     Mr. Malhas failed to file an FBAR identifying his financial interest in the UBS account with regard to the 2006, 2007 and 2008 years, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

45.     The failure of Mr. Malhas to timely file, and/or properly identify the UBS account, in which he held a financial interest in the 2006, 2007 and 2008 calendar years, was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### Assessment and Collection of the Civil Penalties

46.     On about February 13, 2018, a delegate of the Secretary of the Treasury timely assessed civil penalties against Mr. Malhas related to the UBS account in the following amounts for the tax years at issue:

| Calendar Year | Assessed FBAR Penalty |
|---------------|----------------------|
| 2006 | $254,992.00 |
| 2007 | $169,646.00 |
| 2008 | $100,000.00 |
| TOTAL | $524,638.00 |

47.     A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to defendants for the FBAR penalties at defendants' last known address.

48.     In addition to the FBAR penalties, defendants owe late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

49.     As of February 1, 2019, the unpaid balance owed to the United States by defendants for the FBAR penalties, the late payment penalty, applicable fees and interest, less any payments, was $558,616.33.

50.     The United States is entitled to a judgment against Mr. Malhas in the amount of $558,616.33 as of February 1, 2019, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE, the United States requests that the Court:

A.      Enter judgment in favor of the United States of America and against Wade

Malhas in the amount of $558,616.33 as of February 1, 2019, plus statutory accruals from

that date until fully paid; and

B.      Award the United States of America its costs, and such other further relief as the

Court deems just and proper.

Dated this 26th day of June, 2019

<div style="margin-left:40%">

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Rick Watson*
RICK WATSON
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 353-0300
Email:  Rickey.Watson@usdoj.gov

</div>