# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WADE MALHAS,<br><br>　　　　Defendant. | Case No. 19-cv-03709-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**<br><br>[Re: ECF 27] |

Plaintiff, the United States of America ("United States"), brings suit against Defendant Wade Malhas ("Malhas") to claim an outstanding unpaid balance under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq.*). Compl. 1, ECF 1. Malhas's unpaid balance consists of civil penalty assessments, late payment penalties, and any applicable fees and interest. Compl. ¶ 49. Before the Court is the United States' Motion for Entry of Default and Default Judgment to reduce the unpaid balance to a judgment. *See* Mot., ECF 27. The Court DENIES WITHOUT PREJUDICE the United States' motion.

## I.   BACKGROUND

The United States alleges Malhas failed to report his financial interest in foreign bank accounts to the Internal Revenue Services ("IRS") as required under 31 U.S.C. §5314. Compl. ¶ 1.

Federal law requires United States persons with financial interests in a bank in a foreign country to report that relationship to the IRS, and this reporting requirement is satisfied by filing an annual Report of Foreign Bank Accounts form ("FBAR") "with respect to each foreign financial account exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c); *see* 31 U.S.C. § 5314; 31 C.F.R. §1010.350(a). Individuals who fail to comply with

1   this reporting requirement are subject to civil penalties, and additional penalties can be assessed for
2   willful non-compliance. *See* 31 U.S.C. 5321(a)(5)(C); 31 U.S.C. § 3717.

3   Malhas is a United States citizen who possessed a financial interest in a foreign bank account
4   with UBS in Switzerland, and the amount in the account exceeded $10,000 in calendar years 2006,
5   2007, and 2008. Compl. ¶¶ 10-11. During these years, Malhas filed federal income tax return forms
6   that did not disclose income from the UBS account. Compl. ¶¶ 12-13. Moreover, Malhas indicated
7   on these forms that he had no interest in, or authority over, any foreign financial accounts. Compl.
8   ¶ 31. In August 2011, the IRS contacted Malhas's tax preparer and learned that Malhas did not
9   disclose foreign account information to the preparer. Compl. ¶¶ 33-34. In May 2012, the IRS
10  interviewed Malhas about the UBS account, and Malhas indicated that he had not accessed or used
11  the account since returning to the United States in 1963. Compl. ¶¶ 35-36. Malhas ended the
12  interview when the IRS presented documents that refuted Malhas's assertions by identifying him as
13  the beneficial owner of the UBS account. Compl. ¶ 37.

14  In 2014, the United States delivered a summons to Malhas to produce documents relating to
15  the UBS account. Compl. ¶ 38. When Malhas did not produce the documents, the United States
16  filed a summons enforcement action in the United States District Court, Northern District of Illinois.
17  Compl. ¶ 38; *see United States v. Malhas*, No. 15-cv-3832, 2015 WL 6955496 (N.D. Ill. Nov. 10,
18  2015). During the litigation, the United States deposed Malhas and confirmed he was the beneficial
19  owner of the UBS account. Compl. ¶ 39. The district court ultimately issued an order for Malhas
20  to comply with the summons. *Malhas*, 2015 WL 6955496 at *5. In 2018, the United States assessed
21  Malhas civil FBAR penalties at $524,638 for willful failure to disclose his financial interest in the
22  UBS account for 2006, 2007, and 2008. Ex. 1, Decl. of Rick Watson, ECF 27-1. The penalty has
23  since increased to $616,240.26 as of August 25, 2020. Beasley Decl. of Debt ¶ 4, ECF 27-2.

24  To enforce its civil penalty assessment, the United States filed a complaint against Malhas
25  on June 26, 2019 to collect unpaid outstanding federal penalty assessments and interests for calendar
26  years 2006, 2007, and 2008. Mot. 1. On July 15, 2019, the United States received a letter from
27  David Shiner, an attorney who had previously represented Malhas, informing the Government that
28  Malhas was incompetent and could not accept service. Ex. 1, Decl. of Rick Watson ("Watson

Decl.") ¶ 4, ECF 5-1. The United States also represents that it received a letter from Malhas's neurologist stating that "Malhas has advanced dementia and is not competent to make any financial or health decision." Ex. 2, Watson Decl., ECF 5-1. On October 31, 2019, the United States filed a motion for entry of default. *See* Mot. for Entry of Default, ECF 9. On November 1, 2019, the Clerk issued a declination of default because there was no declaration that Malhas was neither an infant nor an incompetent person in accordance with Rule 4(g), and that he was not serving in the armed forces of the United States in accordance with 50 U.S.C. § 501 *et seq*. *See* ECF 10. A letter the Court received from a lawyer who had represented Malhas in other matters informed the Court that Malhas was incompetent. *See* Letter, ECF 12. The United States was aware of this communication. *Id.*

The United States executed service on Malhas on September 17, 2019. Decl. of Eddie Camilleri ("Camilleri Decl.") ¶ 6, ECF 5-2; Summons, ECF 8. Mr. Camilleri went to the Malhas's apartment, spoke to Katherine Malhas through the intercom, explained he was there to serve legal papers, and she refused to let him in. Camilleri Decl. ¶ 6. With the help of the leasing office staff, Mr. Camilleri was able to access the building, and Mrs. Malhas refused to open the door despite his repeated knocking. *Id.* Mr. Camilleri told them through the door that he was leaving a copy of the documents outside the door. *Id.* Two days later, on September 19, 2019, Mr. Camilleri mailed the Malhas's a copy of the summons, complaint, civil cover sheet, and standing order. *Id.* ¶ 7.

An attorney for Malhas filed a notice of appearance three months later but has otherwise refused to participate in the litigation. Notice, ECF 21. As of this motion, Malhas has failed to file an answer or responsive pleading and has missed the statutory deadline of April 3, 2020 as required by Fed. R. Civ. P. 12(a)(1)(A)(i). *Id.* The United States filed a declaration that Malhas did not serve in the armed forces but has yet to file a declaration that Malhas is neither an incompetent person nor an infant. *See* Decl. of Rick Watson, ECF 27-1.

The United States now moves for this Court to enter default and default judgment against Malhas.

**II.    LEGAL STANDARD**

Obtaining a default judgment is a two-step process requiring (1) entry of default pursuant to Rule 55(a) followed by (2) entry of judgment pursuant to Rule 55(b). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Pursuant to Rule 55(a), default shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that fact is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). While Rule 55 states that "the clerk must enter the party's default," a district court judge also possesses the inherent power to enter a default. *Id.; see In re Bradford*, No. C 12-5999-SBA, 2013 WL 2443259, at *2 (N.D. Cal. June 4, 2013) (citing *In re Burchell Enterprises, Inc.*, No. 04-5193-SBA, 2005 WL 1154302, at *1 (N.D. Cal. May 16, 2005)); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court . . . a district judge also possesses the inherent power to enter a default").

Where the defendant is incompetent, entry of default judgment is at the sole discretion of the court. *See* Fed. R. Civ. P. Rule 55(b)(2); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may enter default judgment against an incompetent person only if he or she is "represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). Moreover, the Court "has an affirmative duty to look into the jurisdiction over both the subject matter and the parties" when exercising its discretion to enter judgment against a party who has failed to plead or otherwise defend. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must also assess whether there was proper service of process on the party who failed to plead or otherwise defend. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010).

Serving a summons establishes personal jurisdiction over a defendant, who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1). Where service must be effectuated on an incompetent person, Fed. R. Civ. P. 4(g) requires the person "be served by following state law for serving a summons or like process on such a defendant." California law provides that when a person who lacks legal capacity to make decisions is a party, "that person shall appear either by a guardian or conservator of the estate or by a guardian

1 ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof,
2 in each case." Cal. Civ. Pro. Code § 372.

### III. ANALYSIS

When exercising its discretion to enter default and default judgment, the Court must examine whether the United States has subject matter jurisdiction and whether the United States properly served process on Malhas. The Court finds that the United States has subject matter jurisdiction but failed to properly serve summons on Malhas and establish personal jurisdiction.

#### A. Subject matter jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

First, the Court has subject matter jurisdiction because it is a civil action arising under federal law. *See* 28 U.S.C. § 1331. On the face of its well-pleaded complaint, the United States alleges Malhas owes civil penalties, interest on the civil penalties, late-payment penalties, and applicable collection-related fees pursuant to several federal statutes. *See* 31 U.S.C. § 5321(a)(5), 31 U.S.C. § 3717(e)(2), 31 U.S.C. § 3717(a), 31 U.S.C. § 3717(e)(1); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9-10 (1983). Second, the Court also has subject matter jurisdiction because this suit is brought by the United States. *See* 28 U.S.C. 1345. Title 31 of the United States Code does not preclude the Court from exercising original jurisdiction in a civil case where the United States is a plaintiff. *See generally* 31 U.S.C. § 3711 *et seq.*; 31 U.S.C. § 5311 *et seq.* Third, the Court has exclusive jurisdiction over the United States' action to recover or enforce any fine or penalty incurred under federal law. *See* 28 U.S.C. § 1355.

The United States sufficiently established subject matter jurisdiction.

#### B. Personal jurisdiction and service of process

Since the United States has failed to demonstrate that Malhas is not incompetent, it has not shown that it has properly effectuated service of process pursuant to Rule 4(g).

First, the United States did not follow the Clerk's instructions and submit a declaration stating that Malhas is not incompetent. This raised concerns as to whether he is incompetent. In its attempt to effectuate personal service on Malhas, the United States learned from Malhas's attorney in another matter that Malhas was "incompetent and cannot accept service." Watson Decl. ¶ 4. The

attorney's assertion was further substantiated in a letter the United States says it received from Malhas's neurologist. Ex. 2, Watson Decl. The Court finds this evidence sufficient to establish that the United States was required to demonstrate that it has served process on Malhas as an incompetent individual pursuant to Rule 4(g) and California law.

Due to the United States' failure to make that showing, the Court cannot find that it has personal jurisdiction over Malhas.

### C. Entry of Default and Default Judgment

Even if the United States demonstrates proper service, the Court cannot enter default judgment against an incompetent person who is not represented by a "general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. Pro. 55(b)(2); *see also Burlington Ins. Co. v. Diamond Partners, Inc.*, No. 10-CV-00100-LJO-SKO, 2011 WL 13249829, at *3 (E.D. Cal. Mar. 23, 2011) ("As the Court previously pointed out and as Burlington acknowledges, it cannot obtain a default judgment against a minor or an incompetent individual where the guardian has not appeared in the action.") (citing Fed. R. Civ. P. 55(b)(2)). Court will not exercise its discretion to enter default.

## IV. ORDER

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE the United States's Motion for Entry of Default and Default Judgment.

Dated: October 28, 2020

_____
BETH LABSON FREEMAN
United States District Judge